IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Phillip Tate,
    Petitioner,

v.                               1:10cv465 (AJT/IDD)

Keith W. Davis,
    Respondent.

MEMORANDUM OPINION

Phillip Tate, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his conviction in the Circuit Court for the City of Chesapeake, Virginia of two counts of statutory burglary and one count of grand larceny. Respondent filed a Motion to Dismiss and Rule 5 Answer, with a supporting brief and numerous exhibits. Tate was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he filed a reply. For the reasons that follow, Tate's claims must be dismissed.

**I. Background**

On or about May 4, 2007, Sergeant James Warren of the Chesapeake Police Department drove behind a vehicle that he saw driving in his neighborhood. See Va. Ct. App., Br. in Supp. of Pet., at 2, ECF No. 9-2. The vehicle came to a stop without any command or signal from Sergeant Warren, and the driver exited the vehicle and ran. Id. Although Sergeant Warren gave chase, he did not apprehend the driver. Id. Items were found in the vehicle that had been previously burgled from the homes of two Chesapeake citizens. Id.

On February 7, 2008, Tate entered a plea of *nolo contendere* to two counts of statutory burglary and one count of grand larceny. Commonwealth v. Tate, Case Nos. CR07-5056, CR07-

1

5057, CR07-5059. By oral stipulation, it was noted that Sergeant Warren would have testified that Tate was the man who ran from the stopped vehicle, and that fingerprint evidence obtained from the stopped vehicle matched fingerprint samples from Tate. See Va. Ct. App., Br. in Supp. of Pet., at 2-3, ECF No. 9-2. The court sentenced Tate to fifteen (15) years of incarceration with eight (8) years suspended. Tate pursued a direct appeal to the Court of Appeals of Virginia, arguing that (i) the trial court abused its discretion at sentencing by exceeding the sentencing guidelines, and (ii) the sentence imposed violated the Eighth Amendment's prohibition against cruel and unusual punishment. The Court of Appeals denied the petition for appeal on April 29, 2009. Tate v. Commonwealth, R. No. 2419-08-1 (Va. Ct. App. April 29, 2009), ECF No. 9-2. On October 22, 2009, the Supreme Court of Virginia refused Tate's petition for appeal. Tate v. Commonwealth, R. No. 091099 (Va. Oct. 22, 2009), ECF No. 9-3 at 25.

Tate then filed a petition for writ of habeas corpus in the Supreme Court of Virginia, arguing that (1) Tate should not have been convicted of the statutory burglary charges because the Commonwealth could not prove his guilt beyond a reasonable doubt, (2) the lab report only shows that Tate's prints were on the rearview mirror of a Plymouth Breeze, (3) the trial court abused its discretion at sentencing by exceeding the high end of the sentencing guidelines, which constituted cruel and unusual punishment. The Court dismissed the petition on March 5, 2010. Tate v. Warden of the Deerfield Correctional Center, Case No. 100016, ECF No. 9-4.

On April 5, 2010, Tate filed the instant federal habeas petition,[1] in which he argues that his rights have been violated because (1) the Commonwealth could not prove beyond a reasonable doubt that he committed the offenses, (2) "the lab report on Mr. Phillip Tate's

---

[1] For purposes of calculating the statute of limitations, a petition is deemed filed when the prisoner delivers his pleading to prison officials. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). In the petition, Tate states that he placed the petition in the prison mailing system on April 5, 2010.

2

fingerprints is only on a Plymouth Breeze's rearview mirror," (3) the trial court abused its discretion at sentencing, which constitutes cruel and unusual punishment, and (4) he received ineffective assistance of counsel.

## II. Exhaustion

Before bringing a federal habeas petition, state prisoners must first exhaust their claims in the appropriate state court. Failure to exhaust all claims requires dismissal of the claims to allow the petitioner to first present his claims to the appropriate state courts. See 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982); Preiser v. Rodriguez, 411 U.S. 475 (1973). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, a petitioner must present the same factual and legal claims raised in the instant case to the Supreme Court of Virginia on direct appeal, or in a state habeas corpus petition. See, e.g., Duncan v. Henry, 513 U.S. 364 (1995).

Respondent raised the issue of exhaustion in his memorandum in support of the motion to dismiss, and Tate was given an opportunity to file a reply. Tate argues that "each and every one of his claims are about ineffective counsel, but just because he did not state[] in his state habeas petition the word ineffective counsel [i]f you read each claims you will see that they are all ineffective counsel." See Reply at 3-4, ECF No. 13. Careful review of Tate's state habeas petition reveals that Tate stated that some of his claims were not presented to a court because "[t]he Attorney that file [sic] the Appeal for Mr. Tate did not raise these grounds or claims." See Habeas Pet., Va. Sup. Ct., at 4. The Supreme Court of Virginia did not construe this statement as raising a claim of ineffective assistance, and Tate did not include any statements about his

3

attorney on the section of his state petition listing "the grounds which make [his] detention unlawful." Id. at 3.

Therefore, the record demonstrates that Tate never presented claim (4), asserting ineffective assistance of counsel, to the Supreme Court of Virginia. See Mallory v. Smith, 27 F.3d 991, 995 (4th Cir. 1994) (finding a pro se habeas petitioner had failed to exhaust his claim of ineffective assistance of appellate counsel when "the two references regarding appellate counsel in his first filing [in the Supreme Court of Virginia] were never asserted as part of any of the three 'grounds' for relief [petitioner] specifically identified; instead, they were styled simply as responses to questions seeking background information about the earlier proceedings in his case.") (citation omitted). Claim (4) would now also be barred by the prohibition against successive state habeas petitions. See Va. Code § 8.01-654(B)(2) ("No writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition."); see also Mem. in Supp. at 4, ECF No. 9. Because claim (4) has never been presented to the Supreme Court of Virginia and would now be barred by the clear language of this statute, the exhaustion requirement has not been satisfied, and cannot be satisfied, thereby precluding federal review. See Bassette v. Thompson, 915 F.2d 932, 937 (4th Cir. 1990). Accordingly, claim (4) will be dismissed.

### III. Procedural Default

Claims (1) and (2) are barred from federal review as a result of the Supreme Court of Virginia's finding of procedural default. A state court's finding of procedural default is entitled to a presumption of correctness, Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing 28 U.S.C. § 2254(d)), provided two foundational requirements are met, Harris v. Reed, 489 U.S. 255, 262-63 (1989). First, the state court must explicitly rely on the procedural ground to deny

petitioner relief. Id. Second, the state procedural rule furnished to default petitioner's claim must be an independent and adequate state ground for denying relief. Id. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991). When these two requirements have been met, federal courts may not review the barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260.

Here, the Supreme Court of Virginia dismissed petitioner's claims (1) and (2) as defaulted pursuant to Slayton v. Parrigan, 205 S.E.2d 680 (Va. 1974) (holding that a claim is procedurally defaulted if the petitioner could have raised it on direct appeal but did not). The Fourth Circuit has held consistently that "the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision." Mu'min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997). Respondent raised the issue of procedural default in the memorandum in support of the motion to dismiss, and Tate was provided the opportunity to address this issue in his reply. See Yeatts v. Angelone, 166 F.3d at 261-62. Tate appears to argue that his procedural default was due to his pro se status and should be excused.

The existence of cause normally turns upon a showing of (1) denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman v. Thompson, 501 U.S. 722, 753-54 (1991); Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton v. Muncy, 845 F.2d 1238, 1241-42 (4th Cir. 1988). Tate cannot rely on the ineffectiveness of his counsel to excuse his procedural default of these claims because, as has been discussed, Tate failed to exhaust his claim of ineffective assistance. See supra Part II; see also Edwards v. Carpenter, 529 U.S. 446, 451 (2000) (noting that an ineffective assistance claim can serve as cause to excuse a procedural default only if the ineffective assistance claim itself was properly presented).

Additionally, Tate's lack of training in the law does not constitute cause for his procedural default because it is not a factor external to the defense. Tate has thus failed to show cause for his procedural default, and the Court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995) (noting that the court should not consider the issue of prejudice in the absence of cause to avoid the risk of reaching an alternative holding), cert. denied, 517 U.S. 1171 (1996). Therefore, claims (1) and (2) will be dismissed.

### IV. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudications are contrary to, or an unreasonable application of, clearly established federal law, or are based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Moreover, in evaluating whether a state court's determination of the facts is unreasonable, a federal court reviewing a habeas petition "presume[s] the [state] court's factual

findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'" Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. 2254(e)(1)); see, e.g., Lenz v. Washington, 444 F.3d 295, 300-01 (4th Cir. 2006).

## V. Analysis

In claim (3), Tate argues that the trial court violated his rights by imposing a sentence of fifteen years of incarceration with eight years suspended, which allegedly constitutes cruel and unusual punishment.[2] The Court of Appeals of Virginia rejected this claim on the merits, and its reasoning is imputed to the Supreme Court of Virginia, which refused the appeal without explanation. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991). Specifically, the Court of Appeals dismissed the cruel and unusual punishment claim because Tate had failed to show that the active sentence was "so grossly disproportionate to the offense committed as to shock the conscience." See Va. Ct. App., April 29, 2009, at 2, ECF 9-2 (citing Wolkind v. Selph, 473 F. Supp. 675, 679 (E.D. Va. 1979), aff'd, 649 F.2d 865 (4th Cir. 1981)). In reviewing the state court's decision as to claim (3), Tate fails to show that the result was either contrary to, or an unreasonable application of, clearly established federal law, or an unreasonable determination of the facts.

The Eighth Amendment's prohibition against cruel and unusual punishment contains a "narrow proportionality principle" that "applies to noncapital sentences." See Ewing v. California, 538 U.S. 11, 20 (2003) (citations omitted). It is clear from the explanation given by

---

[2] Tate also argues that the trial court abused its discretion by imposing a sentence above the sentence recommended by Virginia's sentencing guidelines. It is well established that the scope of federal habeas review is limited to questions of either the federal Constitution or laws, and it does not extend to reexamination of a state court's interpretation and application of a state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Wright v. Angelone, 151 F.3d 151, 157 (4th Cir. 1998). The Court of Appeals of Virginia rejected this portion of Tate's claim, and the Supreme Court of Virginia affirmed that decision without explanation. Because this part of Tate's claim rests solely on an alleged misapplication of Virginia law, which was rejected by the Supreme Court of Virginia, this portion of claim (3) must be dismissed.

7

the Court of Appeals of Virginia that the court applied this proportionality principle when it decided Tate's claim and therefore, its decision was not contrary to federal law. See Williams, 529 U.S. at 413. Moreover, this decision was not an unreasonable application of federal law because the trial court's imposition of fifteen years of incarceration with eight years suspended was not grossly disproportionate.[3] Finally, Tate has not rebutted the presumption that the factual findings made by the Court of Appeals of Virginia were sound by clear and convincing evidence. Miller-El, 545 U.S. at 240. Specifically, he has not provided any evidence that the sentence imposed was grossly disproportionate. Because Tate has thus failed to demonstrate that the state court's decision was contrary to, or an unreasonable application of, federal law, claim (3) will be dismissed.

## VI. Conclusion

For the above stated reasons, this petition will be dismissed. An appropriate Order shall issue.

Entered this 22nd day of April 2011.

Alexandria, Virginia

/s/
Anthony J. Trenga
United States District Judge

---

[3] Notably, Tate stated that he understood that the maximum punishment for the crimes totaled sixty years incarceration when he entered the pleas of *nolo contendere*. See Chesapeake Cir. Ct. Tr., Feb. 7, 2008, at 10.